NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 8, 2008
Decided June 4, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-2471

| | |
|---|---|
| MOHD HUSSEIN ABU-SAMMOUR,<br>*Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | No. A78-871-404 |
| MICHAEL B. MUKASEY,<br>Attorney General of the United States,<br>*Respondent*. | |

**O R D E R**

Mohd Hussein Abu-Sammour, a native and citizen of Jordan, appeared before an Immigration Judge ("IJ") in October 2004 charged with having overstayed his visitor's visa. After requesting a continuance to obtain counsel, Abu-Sammour married a U.S. citizen, admitted removability, and sought further continuances so the Citizenship and Immigration Service ("CIS") could adjudicate his spouse's visa Petition for an Alien Relative. The IJ granted three continuances, but after the CIS denied the visa petition in March 2006, the IJ rejected Abu-Sammour's fourth request for a continuance and found him removable. The

Board of Immigration Appeals ("BIA") affirmed, and Abu-Sammour now petitions for review. Because we do not have jurisdiction to review the BIA's affirmance of the IJ's discretionary determination to deny the fourth continuance, we dismiss his petition.

Abu-Sammour entered the United States in 1994 to attend Wichita State University as a nonimmigrant student. But he never attended the school and failed to comply with the requirement that he, as an alien, register his address with the Attorney General. Consequently, the government charged him with removability.

At Abu-Sammour's initial removal hearing in October 2004, he requested his first continuance to obtain an attorney. The IJ granted his request and set the case for February 2005. One month before his February hearing, Abu-Sammour married a U.S. citizen, and on his behalf she filed a Petition for Alien Relative ("I-130") with CIS, which if granted would allow him to seek an adjustment to lawful status. At the February hearing, Abu-Sammour informed the court of the pending I-130 visa petition and admitted removability. The IJ granted him voluntary departure, but in May, while Abu-Sammour was still in the U.S., he sought to reopen his case so he could ask to adjust his status once CIS processed the I-130 visa petition.

In July 2005 the IJ reopened the case and granted him a second continuance to allow time for CIS to conduct an interview, which is part of the visa process. After Abu-Sammour submitted a status report on the progress of his I-130 petition in January 2006, the IJ granted him a third continuance and rescheduled his hearing for April 2006. In the meantime, though, CIS denied the I-130 petition because Abu-Sammour had "failed to establish that the marriage was not entered into for fraudulently obtaining immigration benefits." In finding the marriage fraudulent, CIS grounded its denial in an important contradiction in Abu-Sammour's testimony—he testified in 2004 that he had been dating his wife when he entered into the removal proceedings, yet in an affidavit taken one year later, he swore that he had "no girlfriend" when the removal proceedings began. Abu-Sammour appealed the CIS decision to the BIA on April 5 and the following day sought a fourth continuance from the IJ. At the April 6 hearing, the IJ stated that he had to honor the CIS decision and that the visa petition no longer had "prima facie" support. Accordingly, he denied Abu-Sammour's request for yet another continuance to await the outcome of the administrative appeal. The IJ then ordered him removed from the United States.

Abu-Sammour appealed the IJ's decision to the BIA, arguing that CIS denied him due process and therefore the IJ erred in denying his request for continuance. Specifically, he claimed that although he submitted evidence in support of the visa petition, CIS refused to allow him to respond to its conclusion that his marriage was fraudulent. In May 2007 the

BIA affirmed the IJ's decision, finding that the IJ "did not err in denying such an indefinite continuance." Abu-Sammour now petitions for review.

In his petition for review, Abu-Sammour repeatedly contends that CIS improperly denied the I-130 petition by refusing to allow him a chance to respond to its conclusion. But the denial of that visa petition occurred outside Abu-Sammour's removal proceeding, and thus we are without jurisdiction in this appeal to consider his request for relief on the visa petition. *See, e.g.*, *Fonseca-Sanchez v. Gonzales*, 484 F.3d 439, 443 (7th Cir. 2007) (stating that jurisdiction is limited to final orders of removal and matters decided by immigration courts "in the course of removal proceedings"); *Hassan v. INS*, 110 F.3d 490, 494 (7th Cir. 1997) ("[W]e are limited to reviewing 'only those determinations made during a [deportation] proceeding.'" (citation omitted)).

Abu-Sammour also argues that the BIA's affirmance of the IJ's denial of his fourth motion for a continuance violates his due-process rights because the denial closed off any chance for him to take advantage of a possible reversal of the visa petition denial. But the decision to grant or deny a request for a continuance is discretionary, *Ali v. Gonzales*, 502 F.3d 659, 660-61 (7th Cir. 2007), and an alien's right to due process "'does not extend to proceedings that provide only such discretionary relief' because an appeal to discretion is not a substantive entitlement," *Khan v. Mukasey*, 517 F.3d 513, 518 (7th Cir. 2008) (citation omitted). Furthermore, apart from considerations of due process, we have determined that the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of an IJ's discretionary ruling on a motion for a continuance. *See, e.g.*, *Ali*, 502 F.3d at 661; *Potdar v. Keisler*, 505 F.3d 680, 685 (7th Cir. 2007).

We have, however, preserved a very limited exception to this jurisdictional bar. An IJ's denial of a motion for continuance is reviewable when the decision is based on a reason inconsistent with the adjustment-of-status statute, *Subhan v. Ashcroft*, 383 F.3d 591, 595 (7th Cir. 2004), such as an arbitrary or outlandish reason, *see, e.g.*, *Benslimane v. Gonzales*, 430 F.3d 828, 832-33 (7th Cir. 2005). Here, though, the IJ denied Abu-Sammour's fourth motion for a continuance for an entirely sensible reason—CIS had in fact already denied the visa petition, rendering him ineligible to adjust status. And even though Abu-Sammour speculates about the possibility of a reversal of the CIS's denial, the IJ's reasoning—that in light of the CIS denial, the visa petition had no "prima facie" support—was rational and consistent with the adjustment statute. Thus, our review of Abu-Sammour's petition for review of the BIA's affirmance of the IJ's denial of his fourth continuance motion is barred by 8 U.S.C. § 1252(a)(2)(B)(ii).

Accordingly, we DISMISS Abu-Sammour's petition for review.